**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) WAGNER & LYNCH, P.L.L.C. and<br>(2) BLAKE LYNCH,<br><br>　　　　　PLAINTIFFS,<br>v.<br><br>(1) GREAT LAKES INSURANCE SE, and<br>(2) JOHNSON CLAIM SERVICE, INC.,<br><br>　　　　　DEFENDANTS. | )<br>)<br>)<br>)<br>) Case No. 17-CV-280-KEW<br>)<br>) (Latimer County Case No. CJ-2017-12)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Defendants Great Lakes Insurance SE ("Great Lakes") and Johnson Claim Service, Inc. ("JCS," and collectively as, "Defendants") hereby give notice of the removal of this action to the United States District Court for the Eastern District of Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants respectfully submit to the Court as follows:

**PROCEDURAL INTRODUCTION**

1.　　Plaintiffs Wagner & Lynch, P.L.L.C. ("Wagner") and Blake Lynch ("Lynch," and collectively as, "Plaintiffs") initiated a civil action against the Defendants in the district court of Latimer County, Oklahoma, on May 30, 2017, styled as CJ-2012-12 (the "State Lawsuit"). Latimer County is within the federal jurisdiction of this Court and judicial district.

2.　　In their Petition, Plaintiffs allege (1) breach of contract by Great Lakes; (2) breach of the duty of good faith and fair dealing by Great Lakes; and, (3) breach of the duty of good faith and fair dealing by Johnson. *See* Petition, *attached as* "Exh. 1,"[1] at ¶¶ 37-59.

3.　　Defendants were served in the State Lawsuit on or about June 29, 2017, as copies

---

[1] In accordance with LCvR 81.2, copies of all documents filed and the docket sheet for the State Lawsuit are attached as Exhibits hereto.

of Plaintiffs' Petition were served upon Defendants' counsel by agreement. Neither Defendant has filed an Answer in the State Lawsuit.

4. Based on the date of service of Plaintiffs' Petition, removal is timely and made in accordance with 28 U.S.C. § 1446(b).

5. Other than the pleadings attached hereto as Exhs. 1-4, there are no other pleadings or orders to date in the State Lawsuit. Additionally, there are no currently pending Motions in the State Lawsuit requiring determination.

## GROUNDS FOR REMOVAL

6. In initiating the State Lawsuit against the Defendants, Plaintiffs have fraudulently joined Defendant JCS for the sole purpose of defeating diversity of citizenship jurisdiction. As such, the State Lawsuit is properly removable under 28 U.S.C. § 1441(b).

7. Pursuant to 28 U.S.C. § 1332(a), Plaintiffs' claims exceed the amount in controversy, as Plaintiffs seek at least $75,000.00 in damages against both or either of the Defendants. *See* Petition, *Exh. 1*, at ¶¶ 41, 48; *see also id.* at 11.

### Diversity Jurisdiction and Citizenship of the Parties

8. There are two (2) Plaintiffs in the State Lawsuit, both of whom are citizens of the State of Oklahoma. Petition, *Exh. 1*, at ¶¶ 1-2.

9. Defendant Great Lakes is an insurance company licensed to do business in the State of Oklahoma, but is not a citizen of Oklahoma as it was neither formed under the laws of the state of Oklahoma nor is its principle place of business in Oklahoma. *Cf.* Petition, *Exh. 1*, at ¶ 3. It is the insurance policy between Great Lakes and Plaintiff Lynch that gives rise to the Plaintiffs' causes of action in the State Lawsuit. *Id.* at ¶ 10.

10. Defendant JCS is a company incorporated under the laws of Delaware, with its principal place of business in Broken Bow, Oklahoma. Defendant JCS is the independent

adjuster "hired by Great Lakes to assist in handling and administering Lynch's claim [of loss]" under the Great Lakes policy at issue in the State Lawsuit. Petition, *Exh. 1*, at ¶ 13.

11. The citizenship of the parties is therefore established as follows: (1) both Plaintiffs are citizens of Oklahoma; (2) Defendant Great Lakes is not a citizen of Oklahoma; and, (3) Defendant JCS is a citizen of both Delaware (the state of incorporation) and of Oklahoma (the principal place of business).

12. However, as explained in further detail *infra*, Defendant JCS is fraudulently joined to this action only to destroy diversity of citizenship in an attempt to preclude removal to this Court. Thus, the Court should disregard Defendant JCS's citizenship for the purposes of establishing jurisdiction over the parties in accordance with 28 U.S.C. § 1332(a).

**Fraudulent Joinder**

13. The Tenth Circuit has long-held that a defendant is fraudulently joined if "no cause of action exists" against that defendant. *Dodd v. Fawcett Publications, Inc*., 329 F.2d 82, 85 (10th Cir. 1964). To make this determination, this Court is empowered to "pierce the pleadings," and conduct "an intricate analysis of state law" to establish whether the allegations against the non-diverse defendant survive under state law. *Miller v. Jackson*, 2016 WL 1464558, at *2 (E.D. Okla., Apr. 4, 2016), *quoting Nerad v. AstraZeneca Pharm., Inc*., 203 Fed. Appx. 911, 913 (10th Cir. 2006)(unreported); *see also Dodd*, 329 P.2d at 85; *Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013)(unreported). Although the burden is on the defendant challenging the joinder, "[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Miller*, 2016 WL 1464558, at *1, *quoting Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97 (1921).

14. Plaintiffs' sole bad faith claim against JCS must fail under substantive Oklahoma law, and thus, Plaintiffs have no basis to join JCS to this suit. *Accord, Nerad*, 203 Fed. Appx. at

913 (observing that the claim against the non-diverse defendant "need not be a sure thing, but it must have a basis in the alleged facts and applicable law.").

15. As Plaintiffs admit in their Petition, JCS was the independent adjuster hired by Great Lakes to conduct the investigation relating to Plaintiff Lynch's claim of loss on the Great Lakes insurance policy. *See, e.g.*, Petition, *Exh. 1*, at ¶¶ 13-14, 20-29, 52. Under Oklahoma law, independent third-party adjusters are not liable to the insured under a theory of bad faith unless a special relationship exists between the adjuster and the insured independent of the one between the insured and the insurer. *Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 2014 OK 106, ¶ 18, 341 P.3d 75, 82.

16. The *Trinity* case is the seminal case on this issue. As with this case, the *Trinity* plaintiff alleged that the independent adjuster acted in bad faith by, *inter alia*, "drag[ging] out adjustment for over one year," by "low-ball[ing]" the loss incurred by the plaintiff, and for conducting an "inadequate and incomplete adjustment" of the plaintiff's claim. *Id.* at ¶ 5; *compare with* Petition, *Exh. 1*, at ¶¶ 54-56 (alleging that JCS acted in bad faith "by failing to conduct a full, fair and unbiased investigation in to the nature and extent of the damage[,]" in failing "to assist Lynch in the handling of the claim," and by "unreasonably rel[ying] on" the reports provided by a third-party inspector"). While the Oklahoma Supreme Court recognized that the insurer's duty of good faith and fair dealing may be imparted to a third party under certain limited circumstances, the *Trinity* Court held that parties not subject to the insurance contract must be "so entangled with the insured to create a special relationship that would subject [the third-party] to the [insurer's] duty of good faith and fair dealing." *Id.* at ¶ 14, *citing Wathor v. Mut. Assur. Adm'rs, Inc.*, 2004 OK 2, ¶ 10, 87 P.3d 559, 562; *see also id.* at ¶¶ 16-19. The *Trinity* Court also refused to impose a separate and distinct duty of good faith and fair dealing

upon an independent adjuster "to conduct a fair and reasonable investigation." *Id.* at ¶¶ 26-31. In so doing, the Court recognized that "from a policy standpoint[,]" to impose a separate duty of good faith against a third-party adjuster "makes little sense . . . when the insurer itself is subject to liability for the adjuster's mishandling of claims . . . [and to do so] would allow for potential double recovery, permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer—caused by an adjusters negligent conduct—and from the adjuster for the same conduct." *Id.* at ¶¶ 30-31.

17. Careful examination of the Plaintiffs' pleading demonstrates that JCS did not "sufficiently act like an insurer so as to create a special relationship" with Lynch. *Trinity*, 341 P.3d at ¶¶ 15-16; *compare Petition*, *Exh. 1*, at ¶¶ 8-36 (describing the different tasks undertaken by both JCS and Great Lakes in evaluating and assessing Lynch's claim of loss), *with Trinity*, 341 P.3d at ¶ 17 ("[M]erely performing some of the tasks of an insurance company in the claims handling process is not sufficient to subject a third party to the duty of good faith and fair dealing.").

18. In their Petition, Plaintiffs have ignored the Oklahoma Supreme Court's rulings in *Trinity* and only tacitly reference the limited circumstances where such a claim may exist in attempting to state a single cause of action against JCS for bad faith. *See* Petition, *Exh. 1*, at ¶¶ 51-59 (alleging that JCS "stepped into the shoes of Great Lakes" and "was sufficiently entangled with Great Lakes" to impose the insurer's duty of good faith upon JCS, and further owed its own duty of good faith to fairly adjust and investigate Lynch's claim of loss); *contra Trinity*, 341 P.3d at ¶ 18 (observing that an adjuster does not "step into [the insurer's] shoes" to create a special relationship with the insured, even in cases where the adjuster "goes beyond" what is required under the adjuster agreement with the insurer). Moreover, Plaintiffs' allegation that JCS "was

sufficiently entangled with Great Lakes," further confuses the rule of *Trinity*, which allows a special relationship under very limited circumstances where the adjuster is "entangled" with the *insured*, not the insurer. *See generally Trinity*, 341 P.3d at ¶¶ 15-18. Even so, the only allegations against JCS in Plaintiffs' Petition are those related to its claims-handling function to which *Trinity* clearly states is not a proper claim under Oklahoma law.

19. Accordingly, as established in *Trinity* and its progeny, there exists no separate cause of action for Plaintiffs to allege against JCS under the facts as pled in the State Lawsuit. *Contrast* Petition, *Exh.* 1, *with Trinity*, 341 P.3d 75; *see also Hensley v. State Farm Fire & Cas. Co.,* 2017 OK 57, ¶¶ 17-18; *Hightower v. USAA Cas. Ins. Co.*, 2017 WL 1347689, at *2 (N.D. Okla. Apr. 7, 2017).

20. Because Plaintiffs cannot maintain their cause of action against JCS, it is proper for this Court to disregard JCS's dual-citizenship for the purposes of establishing diversity jurisdiction in this case and allow this case to be removed to the United States District Court for the Eastern District of Oklahoma.

## ADOPTION AND RESERVATION OF DEFENSES

21. As Defendants have not yet filed their respective Answers to Plaintiffs' Petition in the State Lawsuit, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of either of the Defendants' right to assert any defense or affirmative matter, including, but not limited to, the Defendants' individual rights to raise defenses under 12 O.S. 2011, § 2012(b) and/or Fed. R. Civ. P. 12(b), or any other pertinent defense available under Oklahoma law, the Federal Rules, or federal statute.

## COMPLIANCE WITH 28 U.S.C. § 1446

22. Defendants hereby certify that both Defendants consent to removal to this Court; however, because JCS has been fraudulently joined, its consent is not required.

23. Defendants further certify that pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice to all adverse parties of the filing of this Notice of Removal, and Defendants have further provided a copy of this Notice of Removal with the Clerk of the District Court of Latimer County, Oklahoma, as required by Oklahoma law.

WHEREFORE, all premises herein considered, Defendants respectfully request this Court assume jurisdiction over this action and the parties pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and remove the State Lawsuit to the United States District Court for the Eastern District of Oklahoma.

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

By: *s/Michael S. Linscott*
Michael S. Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
Telephone 918.591.5288
Facsimile 918.925.5288
Email:  mlinscott@dsda.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 18, 2017, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Simone Fulmer
Harrison C. Lujan
Jacob L. Rowe
Andrea R. Rust
Fulmer Group, PLLC
1101 N. Broadway Ave., Suite 102
P.O. Box 2448
Oklahoma City, OK  73103

*s/Michael S. Linscott*

4323268v1